STEPHEN J. SIMONI
StephenSimoniLAW@Gmail.com
**SIMONI CONSUMERS**
    **CLASS ACTION LAW OFFICES**
c/o Jardim, Meisner & Susser, P.C.
30B Vreeland Road, Ste. 201
Florham Park, NJ 07932
Telephone: (917) 621-5795

*Counsel for Plaintiff*
    *and the Proposed Class*


### UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

### TRENTON DIVISION


| | |
|---|---|
| STEPHEN SIMONI, Individually and on behalf of all others similarly situated, | : Civ. No. ____ : : |
| Plaintiff, | : **COMPLAINT** : |
| vs. | : **CLASS ACTION** : |
| WALGREEN CO., XYZ TELEMARKETING COMPANY, and DOES 1 through 10, inclusive, | : **JURY TRIAL DEMAND** : : : |
| Defendants. | : : |
| _____ | : |


### WALGREENS EXPANDS ITS ROBO-CALLING VIOLATIONS INTO NEW TERRITORY BY NOW SOLICITING PURCHASES OF *SINGLE-DOSE* PHARMACEUTICAL PRODUCTS THAT ALL EITHER (i) HAVE *NEVER BEEN PRESCRIBED* TO CALL RECIPIENTS or (ii) *ALREADY HAVE BEEN ADMINISTERED* TO CALL RECIPIENTS

Repeat-offender Walgreen Co. (**"Walgreens"**)

expands upon its brazen breach of the federal telemarketing

solicitation law (**"TCPA"**) and does so with its disingenuous

assertion that its Robo-Calls merely constitute an "important health message."

Walgreen's most recent violations are particularly egregious in that it already settled similar claims less than two years ago and yet continues to violate the TCPA as it has apparently learned from experience that any damages it may incur constitute the mere incidental——and absolutely worthwhile——cost of illegally generating millions of dollars of sales by repeatedly making expensive, intrusive, and unsafe telephone calls that are explicitly banned by the TCPA.  Kolinek v. Walgreen Co., 1:13-cv-04806 (N.D. Ill.).

Walgreens continues to indiscriminately blast millions of intrusive and expensive multiple-minute Robo-Calls across the country that monopolize voice-mail message space to the exclusion of space for urgent communications. As warned yesterday by the senior United States Senator from New York, Charles Schumer, a veritable safety risk occurs because unsolicited robo-call voicemail messages:

> flood mailboxes, clogging out legitimate messages . . .  God forbid you got a serious message——*someone sick, you need to pick up your kid at school, there's an accident——you wouldn't be able to get to it because there'd be so many of these darned useless solicitations on the phone*. . . .  The head of the FCC is one of these deregulation guys, who says let the companies do whatever they want.

Moore, M. & Trefethen, S., "*Chuck Schumer is fighting back against robocalls*," N.Y. Post, June 25, 2017 (emphases added).

Shamefully, Walgreens attempts to exploit its dubious status as a HIPAA-compliant health entity by contending that its most recent Robo-Calls merely constitute individualized health messages for the Call Recipients.  Walgreens' stratagem, however, is baseless given that all of the millions of Call Recipients either have never been prescribed the single-dose products or—even worse—already have received the single-dose subject products and many *from Walgreens itself*.

That Walgreens seeks to camouflage a generic advertisement as an essential health message is evidenced by the Robo-Calls' message being identically duplicated in a printed advertisement disseminated to *every single individual* who either enters its stores throughout the United States or accesses the current circular on its website.  (Attached hereto as **Exhibit A.**)

**WALGREENS REFUSES TO AVOID THIS ACTION BY TERMINATING THE ROBO-CALL CAMPAIGN DESPITE MULTIPLE COMPLAINTS LODGED BY CALL RECIPIENTS NATIONWIDE**

Walgreen's recidivist history cries out for the imposition of punitive and treble damages as the only means by which it may be adequately deterred from perpetrating unending—and highly profitable—TCPA violations. Walgreen's current solicitations urge the called parties to

"get your vaccination [with] no appointment needed" at Walgreen's establishments nationwide despite the fact that the single-dose medications were either never prescribed for the Call Recipient or——even worse——already administered to the Call Recipient sometimes by Walgreens itself.

Countless consumers have made statements on the Internet **and to Walgreens** detailing their frustration with the ongoing Robo-Calls and Walgreens' refusal to remove recipients who take the unprecedented action——wrongly dictated by Walgreens——to prevent receipt of additional Robo-Calls:

> Walgreens [sic] marketing robocall about vaccines for Shingles, Pneumonia and Whooping Cough. **I never opted-in for marketing calls on my cell phone; that number is for prescription notices** . . . .Cannot opt-out on their [sic] web site. They say to call 800-219-7846 to be removed. **I've done that twice and still get these calls.**

http://800notes.com/Phone.aspx/1-847-260-2190 (emphases added)(attached hereto as **Exhibit B**).

Tellingly, Walgreens rebuffed a pre-filing offer to avoid the instant action by providing written confirmation that it terminated the Robo-Call campaign.

Plaintiff, individually and on behalf of the Class defined below, brings this action for damages, restitution, statutory damages, treble damages, punitive damages, sanctions, interest, court costs, attorneys' fees, and injunctive relief under rights created pursuant to

federal statute under 28 U.S.C. section 1331 ("Federal Question" Jurisdiction) for the *ultra vires* illegal actions and deliberate and knowing tortious activity of Defendants Walgreen Co., XYZ Telemarketing Company, and Does 1 through 10, inclusive (**"Telemarketers"** or **"Company"**), in (i) contacting Plaintiff by a pre-recorded telephone call to his telephone number to solicit purchases of pharmaceutical drugs including vaccinations without prior express written clear and conspicuous consent (**"Sales Calls"**) and/or (ii) failing to provide Plaintiff an automated, interactive voice- and/or key press-activated opt-out mechanism at the outset of the Robo-Call for Plaintiff to immediately terminate the call and prevent further Robo-Calls in violation of the Telephone Consumer Protection Act, 47 U.S.C. section 227 *et seq.* (**"TCPA"**). Plaintiff demands a trial by jury, and complains and alleges as follows:

## INTRODUCTION

1.    Defendant Walgreen Co. (**"Walgreen"**) is a corporation incorporated in the State of Delaware with headquarters maintained in the State of Illinois that markets and sells prescription pharmaceutical drugs including vaccinations by, among other strategies, placing pre-recorded telephone calls throughout the United States that solicit individuals to go to Walgreen retail establishments with "no appointment needed" to make

purchases thereof.  Defendant XYZ Telemarketing Company ("**XYZ**") (Walgreen and XYZ, collectively "**Telelmarketers**" or "**Company**"), upon information and belief, is a corporation that contracts with Walgreen to solicit sales of prescription pharmaceutical drugs including vaccinations at Walgreen retail establishments.

2.   Plaintiff brings this action to challenge the Company's practices in telephone solicitations of purchases.  Specifically, Plaintiff challenges Company's illegal (i) contacting Plaintiff by a pre-recorded telephone call to his cellular telephone number to solicit purchases of pharmaceutical drugs including vaccinations without prior express written clear and conspicuous consent ("**Sales Calls**") and (ii) failing to provide Plaintiff an automated, interactive voice- and/or key press-activated opt-out mechanism at the outset of the Robo-Call for Plaintiff to immediately terminate the call and prevent further Robo-Calls.

3.   All of the claims asserted herein arise out of Company's illegal telephone solicitation campaign and are a common fact pattern as to each member of the Class defined below.

## JURISDICTION AND VENUE

4.   This Court has jurisdiction over this action pursuant to 28 U.S.C. section 1332(d).  This is a proposed class action involving more than one hundred (100) class members, at least one member of the putative class is a

citizen of a state different from Defendants, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs. This Court has jurisdiction over the Company in this action because it solicits, sells, and administers pharmaceutical medications including vaccinations throughout New Jersey.

5.   Venue is proper in this judicial district pursuant to 28 U.S.C. section 1391(b) and (c) in that Company solicits, sells, and administers pharmaceutical medications including vaccinations within the District of New Jersey's Newark Division.

## THE PARTIES

6.   Plaintiff (**"Plaintiff"**) is an adult male who resides outside Delaware and Illinois and regularly patronizes retail Walgreens branches throughout New Jersey.

7.   Defendant Walgreen Co. is a corporation incorporated in the State of Delaware that maintains its headquarters in the State of Illinois. Defendant XYZ, upon information and belief, is a corporation.

8.   Except as described herein, Plaintiff is ignorant of the true names of Defendants sued as Does 1 through 10, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

9.   At all times herein mentioned, Walgreen, XYZ, and the Doe Defendants (collectively, **"Telemarketers"** or **"Company"**), and each of them, were an agent or joint venturer of each of the other, and in doing the acts alleged herein, were acting within the scope of such agency.  Each Defendant had actual and/or constructive knowledge of the acts of each of the other Defendants, and ratified, approved, joined in, acquiesced and/or authorized the wrongful acts of each co-Defendant, and/or retained the benefits of said wrongful acts.

10.  Defendants, and each of them, aided and abetted, encouraged and rendered substantial assistance to the other Defendants in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid and abet and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

11.  At all times herein mentioned, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## FACTUAL ALLEGATIONS

12.  In or about May 2017, Plaintiff received a multiple-minute pre-recorded telephone solicitation to purchase pharmaceutical medications including vaccinations from Telemarketers to Plaintiff's cellular telephone number (917-621-5795).

13. Plaintiff had not provided prior express written clear and conspicuous consent to receive pre-recorded telephone solicitations from Telemarketers.

14.  These unsolicited telephone calls were placed for purposes of selling pharmaceutical medications including vaccinations at Walgreen retail establishments where Plaintiff regularly shops in New Jersey.

15.  These telephone solicitations constituted "calls" under the TCPA that were ***not*** for emergency purposes.

16.  Plaintiff did ***not*** provide any one, more, or all Defendants, nor any agent of Defendants, prior express written clear and conspicuous consent to cause Plaintiff to receive pre-recorded telemarketing calls on his telephone number.

17.  Telemarketers' Sales Call did ***not*** provide an automated, interactive voice- and/or key press-activated opt-out mechanism at the outset of the Robo-Call for Plaintiff to immediately terminate the call and prevent further Robo-Calls.  The telephone Sales Calls violated the TCPA in multiple respects.

18.  Upon information and belief, Defendants illegally harvested Plaintiff's telephone number from, *inter alia*, Walgreen pharmaceutical drug purchase records.

19.  Countless consumers have made statements on the Internet **and to Walgreens** detailing their frustration with the ongoing Robo-Calls and Walgreens' refusal to remove recipients who take the unprecedented action——wrongly dictated by Walgreen——to prevent receipt of additional Robo-Calls:

> Walgreens [sic] marketing robocall about vaccines for Shingles, Pneumonia and Whooping Cough.  **I never opted-in for marketing calls on my cell phone; that number is for prescription notices** . . . .Cannot opt-out on their [sic] web site. They say to call 800-219-7846 to be removed.  **I've done that twice and still get these calls.**

http://800notes.com/Phone.aspx/1-847-260-2190 (emphases added).  As detailed in Exhibit B hereto, Consumer statements continue to grow on the web sites of https://800notes.com/Phone.aspx/1-847-260-2190 and https://www.shouldianswer.com/phone-number/8472602190.

20.  47 C.F.R. § 64.1200(b)(3) requires "[i]n every case where the artificial or prerecorded voice telephone message includes or introduces an advertisement or constitutes telemarketing and is delivered to a residential telephone line or any of the lines or telephone numbers described in paragraphs (a)(1)(i) through (iii), provide an automated, interactive voice- and/or key press-activated

opt-out mechanism for the called person to make a do-not-call request, including brief explanatory instructions on how to use such mechanism, ***within two (2) seconds of providing the identification information required in paragraph (b)(1) of this section.*** When the called person elects to opt out using such mechanism, the mechanism, must automatically record the called person's number to the seller's do-not-call list ***and immediately terminate the call*** . . . ." (emphases added).

21.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing.  47 U.S.C. § 227(b)(3). Plaintiff alleges that Defendants' TCPA violations were willful and knowing particularly where Walgreen just settled similar TCPA claims less than two years ago. Kolinek v. Walgreen Co., 1:13-cv-04806 (N.D. Ill.).

22.  47 C.F.R. § 64.1200(d)(2) states that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list."

23.  Because of the numerous violations Defendants committed with regard to do-not-call regulations, it is clear that Defendants have failed to adequately inform and train their employees in the existence and use of the do-not-call list.  The base statutory penalty for this violation is $500 per violation, which may be trebled in the discretion of the court up to $1,500 per violation if Defendants' violation was willful or knowing.  47 U.S.C. § 227(b)(3).  Plaintiff alleges that Defendants' violation of 47 C.F.R. § 64.1200(d)(2) was willful and knowing, within the meaning of 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 312(f)(1).

## CLASS ACTION ALLEGATIONS

24.  Plaintiff brings this action on behalf of himself and all persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.  This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of each of those provisions.  The Class is defined as follows:

> All individuals who within the past four years received one or more pre-recorded telemarketing calls on a cellular telephone number (i) without prior express written clear and conspicuous consent and/or (ii) without providing an automated, interactive voice- and/or key press-activated opt-out mechanism for the called person to immediately terminate the call and make a do-not-call request.

Excluded from the Class are: (1) employees of the Defendants, including their officers or directors; (2) Defendants' affiliates, subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned.

25.  Plaintiff does not know the exact number of Class members because such information is in the exclusive control of the Defendants.  However, Plaintiff believes that due to the nature of the trade, commerce, and nearly universal use of pharmaceutical drug vaccines, Class members are sufficiently numerous, most likely millions of consumers, and geographically dispersed throughout the United States, and that joinder of all Class members is impracticable.  In fact, Walgreens repeats the content of the robo-calls in printed advertisements disseminated to ***every single individual*** who either enters its stores throughout the United States or accesses the current circular on its website.  (Attached hereto as **Exhibit A.**) The information as to the identity of the Class members can be readily determined from records maintained by the Defendants, because telephone calls are recorded in Defendants' billing statements provided by third-party communications carriers, as well as from general public notification.

26.  Plaintiff's claims are typical of, and not antagonistic to, the claims of the other Class members because Plaintiff was injured by Defendants' practices and by asserting his claims, Plaintiff will also advance the

claims of all members of the Class who were damaged by the same wrongful conduct of Defendants and their co-conspirators as alleged herein, and the relief sought is common to the Class.

27.  The common legal and factual questions which do not vary from Class member to Class member, and which may be determined without reference to individual circumstances of any Class member, include, but are not limited to, the following:

a.  Did Defendants' Sales Calls violate the TCPA?

b.  What is the appropriate measure of damages for Defendants' TCPA violations?

c.  Was Company unjustly enriched by the challenged practices? and

d.  Are Plaintiff and the Class Members entitled to the injunctive and equitable relief requested herein?

28.  These common questions and others predominate over questions, if any, that affect only individual members of the Class.

29.  The claims of the representative Plaintiff are typical of the claims of the Class.  There are no material conflicts with any other member of the Class that would make class certification inappropriate.  Plaintiff and counsel will fairly and adequately represent the interests of the Class.

30.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome on the courts if individual litigation of numerous cases would proceed.  By contrast, the conduct of this action as a class action, with respect to some or all of the issues presented in this Complaint, presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

31.  Prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications, establishing incompatible standards of conduct for the Defendants, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.

32.  Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

33.  Whatever difficulties may exist in the management of the class action will be greatly outweighed by the benefits of the class action procedure, including, but not limited to, providing Class members with a method for the redress of claims that may otherwise not warrant individual litigation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
(Violations of the TCPA "Sales Call"
Prohibition, 47 U.S.C. sec. 227 et seq.)

34.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

35.  As a result of Defendants', and Defendants' agents, violations of the TCPA, Plaintiff seeks for himself and each Class Member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. sec. 227 (c)(3)(F).

36.  Pursuant to 47 U.S.C. sec. 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
(Knowing and/or Willful Violations of the TCPA
"Sales Call" Prohibition, 47 U.S.C. sec. 227 et seq.)

37.  Plaintiff incorporates and realleges, as though fully set forth herein, each of the paragraphs above.

38.  As a result of Defendants', and Defendants' agents, knowing and/or willful violations of the TCPA, Plaintiff seeks for himself and each Class Member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. sec. 227(c)(5).

39.   Treble damages are particularly appropriate where Walgreen already settled similar TCPA claims less than two years ago.  Kolinek v. Walgreen Co., 1:13-cv-04806 (N.D. Ill.).

40.   Pursuant to 47 U.S.C. sec. 227(c)(5)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.

WHEREFORE, Plaintiff and the Class pray for relief as set forth below.

**PRAYER FOR RELIEF**

1.   Certification of the proposed Class and notice and claims administration to be paid by Defendants;

2.   Statutory damages;

3.   Compensatory, general, incidental, and consequential damages according to proof;

4.   Special damages according to proof;

5.   Punitive damages to punish Defendants for their willful illegal and deliberate tortious conduct and to deter others who may otherwise engage in similar willful illegal and deliberate tortious conduct;

6.   Restitution and disgorgement according to proof;

7.   Injunctive relief against Defendants, and each of them, to prevent future wrongful conduct;

8.   Prejudgment interest at the maximum legal rate;

9.   Costs of the proceedings herein;

10.  Reasonable attorneys' fees; and

11.  All such other and further relief as the Court deems just.

Dated:  June 26, 2017              Respectfully submitted,


By: _/s/_Stephen J. Simoni_
    STEPHEN J. SIMONI
    StephenSimoniLAW@gmail.com
    **SIMONI CONSUMERS
      CLASS ACTION LAW OFFICES**
    c/o Jardim, Meisner &
        Susser, P.C.
    30B Vreeland Road, Ste. 201
    Florham Park, NJ 07932
    Telephone:  (917) 621-5795

    *Counsel for Plaintiff and
        the Proposed Class*


## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and all others similarly situated hereby requests a jury trial on all claims so triable.

Dated:  June 26, 2017              Respectfully submitted,


By: _/s/_Stephen J. Simoni_
    STEPHEN J. SIMONI
    StephenSimoniLAW@gmail.com
    **SIMONI CONSUMERS
      CLASS ACTION LAW OFFICES**
    c/o Jardim, Meisner &
        Susser, P.C.
    30B Vreeland Road, Ste. 201
    Florham Park, NJ 07932
    Telephone:  (917) 621-5795

    *Counsel for Plaintiff and
        the Proposed Class*

# EXHIBIT A

 Gmail

Stephen Simoni LAW OFFICES <stephensimonilaw@gmail.com>

## Wal Circul
1 message

**Stephen Simoni** <stephensimoni@yahoo.com>                     Mon, Jun 26, 2017 at 11:21 AM
Reply-To: "stephensimoni@yahoo.com" <stephensimoni@yahoo.com>
To: Stephen Simoni LAW OFFICES <stephensimonilaw@gmail.com>, Stephen Simoni <stephensimoni@yahoo.com>





Sent from Yahoo Mail on Android

# EXHIBIT B

Did you get a call from 8472602190? Read below to find out details about this number. Also report unwanted calls to help identify who is using this phone number.

Country: USA

Location: Illinois (Arlington Heights, Des Plaines, Elgin)



**Tom**

17 Aug 2016 | 1 reply

 0

I had it blocked.



**David** replies to Tom

24 May 2017

 0

It was Walgreens Corp. Pharmacy Ad.



**auntie**

17 Aug 2016 | 1 reply

0

caller id said the caller was located in franklin park, il

**Joan** replies to auntie



24 May 2017

 0 

It's Walgreens telling you about prevention vaccines

---



**NeverAcknowledge**

17 Aug 2016

 0 

Auto-Blocked. No idea who this is.

*Caller: Franklin Par IL*

---



**Billy Jo Jim Bob**

18 Aug 2016

 0 

Safe Caller Walgreens Pharmacy to advise this seasons flu shot is available

*Caller: Walgreens*

*Call type: Telemarketer*

---



**chuck**

18 Aug 2016

 0 

walgreens advising of flu shots available

*Caller: walgreens*

*Call type: Telemarketer*

---

**Jane Williamsen**



19 Aug 2016

 0 

this man call me about making investment

*Caller: do not know*

---



**Les**
19 Aug 2016

 0

Letting customers know that flu shots are now available (calling known customers)

*Caller: Walgreens*
*Call type: Event reminder*

---



**Lou**
19 May 2017

 0 

No idea why or who's calling..I'm near Mexico..why call me!  Scammers

*Caller: ??*
*Call type: Telemarketer*

---



**Grinch**
22 May 2017

 0 

Caller is Walgreens with a friendly health message.

*Caller: Walgreens*
*Call type: Telemarketer*

 **Danush**
23 May 2017

 0 

Safe caller.

*Caller: Walgreen's Pharmacy*

*Call type: Telemarketer*

---

 **Gary**
23 May 2017

 0 

Walgreens robocall about shingles vaccine. I am a Walgreens customer.

*Caller: Wallgreens Pharmacy*

---

 **SallyR**
24 May 2017

 0 

Recorded message that my vehicle's warranty had expired.

*Caller: 8472602190*

*Call type: Event reminder*

---

 **KillAllSpammers**
25 May 2017

 0 

☰    **847-260-2190**    🔍

*Caller: fake Walgreens*

*Call type: Telemarketer*

---

 **BillB**
26 May 2017

 0 

Walgreens marketing robocall about vaccines for Shingles, Pneumonia and Whooping Cough. I never opted-in for marketing calls on my cell phone; that number is for prescription notices. It's legal since I have a business relationship with them but it is still annoying. Cannot opt-out on their web site. They say to call 800-219-7846 to be removed. I've done that twice and still get these calls.

*Caller: Walgreens*

*Call type: Telemarketer*

---

 **bob**
27 May 2017

 0

Received unsolicited call out of area code!  Old scam to get personal information and Credit Card info. They say to call 800-219-7846 to be removed.  SCAM  Called twice on my cell

---

847-260-2190 | Search

Phone number or keyword you want to search for

Other phone numbers in the 847 area code

SEARCH FOR PHONE NUMBER                    SEARCH

# WHO CALLED YOU FROM **8472602190** ?

**+1 847-260-2190**
fixed or mobile line
United States, Illinois

## 8472602190 RATINGS

**25x negative**

7x neutral

6x positive

## 8472602190 CATEGORIES

**2x Company**

1x Call centre

1x Robocall

SHOW MORE

## HOW TO BLOCK THIS NUMBER?

We have simple solution for you! Install our free security application into your mobile phone and stop unsolicited calls once forever!

## 8472602190 REVIEWS

Add **Your rating**

Did this number call you?        YES        NO

<span style="color:red">Do not keep the information just for yourself. Describe Your experience using our form and You will help also the other users. Thank You for Your review.</span>

**Company** *reported by 174.74.37.xxx*                    *05/31/2017*

Walgreens order ready to pickup

**Company** reported by *Mark Arnold*

Walgreens calling to inform about shingles vaccine.

**Telemarketer** reported by *174.195.130.xxx*

Shingles robo call

**Company** reported by *108.25.4.xxx*

Walgreens automatic call

**Unsolicited call** reported by *172.56.21.xxx*

Walgreens shingles shot

**Nuisance call** reported by *108.24.0.xxx*

pharmacy selling vaccines

**Company** reported by *Bill*

Robo call from Walgreens selling vaccine shots for shingles.

**Unsolicited call** reported by *66.87.125.xxx*

unsolicited call

**Other** reported by *Jaxwarez*

Walgreens robocall for shingle treatment

**Call centre** reported by *rt*

told me to press 1 to continue.

**Telemarketer** reported by *Steve*

B.S. robot call. Don't pick up

**Important Health scam (Robocall)** reported by *Tired Texan*

Female robot caller to my cell phone for "Important Health Information..."

**walgreens sales (Robocall)** reported by *173.70.70.xxx*

walgreens sales Received unsolicited call out of area code! Old scam to get personal information and Credit Card info.

**Nuisance call** reported by *me*

sales call

**Company** reported by *dougg*

walgreens sales

**Telemarketer** reported by *jerrydee*

shingles ad

Company reported by *172.14.24.xxx*

Walgreens info call concerning vaccines

Nuisance call reported by *tony*

will not stop calling

Telemarketer reported by *rag*

Robo call

Company reported by *phoney*

It's Walgreens automated health news

Unsolicited call reported by *long term care for mom*

Walgreens pharmacy selling shingles vaccine

Walgreen's telemarketer (Robocall) reported by *eh*

Company reported by *FL*

Walgreen's offering shingles vaccine.

Nuisance call reported by *Ronald*

Nuisance call

Nuisance call reported by *joe7248*

Robo call.

Telemarketer reported by *70.197.128.xxx*

Walgreens

Call centre reported by *Mr. B*

Walgreens telemarketing

Unsolicited call reported by *66.87.151.xxx*

shingles ad

Company reported by *Patt to*

Walgreens pharmacy

Telemarketer reported by *99.168.104.xxx*

walgreens selling shingles shots

1   **2**   »

SIMILAR PHONE NUMBERS

8472592594   8472602184   8472602185   8472602189   8472602190

8472602186   8472602187   8472602188   8472602189   8472602191   8472602192

8472602193   8472602194   8472602195   8472602196   8472602197   8472606319

8472607538   8472607969

about | manual | contact | stats |

Cookies help us deliver our services. By using our services, you agree to our use of cookies. **Find out more**
© 2013-2017 shouldianswer.com ALL RIGHTS RESERVED